UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN D. DUNN and
CHRISTINA L. DUNN f/k/a
CHRISTINA L. LAPETINA                                                    PLAINTIFFS

v.                           Case No. 5:15-cv-05190

BANK OF AMERICA, N.A. and
NATIONSTAR MORTGAGE, LLC                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Defendants Bank of America, N.A.'s ("Bank of America") and Nationstar Mortgage, LLC's ("Nationstar") Motion for Judgement on the Pleadings (Doc. 14). The Motion has been fully briefed, and for the reasons stated herein, is now **GRANTED**.

### I. BACKGROUND

Plaintiffs John D. Dunn and Christina L. Dunn, f/k/a Christina L. Lapetina, (the "Dunns") entered into a mortgage loan agreement with Bank of America on October 5, 2009. At that time, according to the Dunns, Bank of America failed to provide them with certain disclosure notices required by the Truth in Lending Act ("TILA"). This included the Notice of Right to Cancel required by 15 U.S.C. § 1635(a), which informs consumers of their statutory right to rescind certain credit transactions within the later of (i) three business days of consummating the transaction, or (ii) three business days of the lender's delivery of the required disclosures to the consumer. On February 28, 2011, the Dunns sent a Notice of Rescission of the loan transaction to Bank of America. Although the Notice of Rescission was not sent within three business days of

1

consummating the transaction, the Dunns argue that the Notice of Rescission effected a valid rescission of the loan because Bank of America never provided them with the disclosures required under the TILA. By then not responding to the Notice of Rescission within 20 days by (i) cancelling the note; (ii) releasing any encumbrances or liens on their property; and (iii) returning all money paid on the loan, the Dunns' contend that Bank of America further failed to perform its duties under the TILA. On July 1, 2013, Bank of America assigned the now-allegedly-void mortgage to Nationstar. On October 28, 2013, Nationstar instituted foreclosure proceedings against the Dunns.

The Dunns filed the instant suit on August 12, 2015. Their Complaint alleges that the Defendants failed to provide them with the disclosures required by 15 U.S.C. § 1635 and failed to honor their valid Notice of Rescission. Based on these failures, the Complaint further alleges that Defendants wrongfully foreclosed upon the Dunns, and asks this Court to quiet title to their property. Bank of America filed an Answer to the Dunns' Complaint on October 5, 2015, generally denying its allegations. Nationstar filed an Answer on October 9, 2015, also generally denying the Dunns' allegations. On November 4, 2015, the Defendants collectively filed a Motion for Judgment on the Pleadings and a Brief in Support. The Dunns filed a Response Brief on the same day, and the Defendants filed their Reply two days later, on November 6, 2015.

## II. LEGAL STANDARD

The same legal standard applies to a motion for judgment on the pleadings under Rule 12(c) as to a motion to dismiss under Rule 12(b)(6). *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). To survive such a motion, a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief."

Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Nevertheless, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a [pleading] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* Simply put, "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In applying this standard to the instant pleadings, the Court must accept as true all factual allegations set out in the pleadings by the Dunns, and construe the pleadings in the light most favorable to the them, drawing all inferences in their favor. *See Ashley County*, 552 F.3d at 665. When considering a motion to dismiss, the Court ordinarily does not consider matters outside the pleadings, Fed. R. Civ. P. 12(d), but may consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

### III. DISCUSSION

The Dunns' Complaint fails as a matter of law for the simple reason that 15 U.S.C. § 1634(a)'s statutory right to cancel does not apply to their mortgage loan. Section 1634(a) declares that its right to cancel applies *"[e]xcept as otherwise provided in this section"* to "consumer credit transactions . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended . . . ." 15 U.S.C. § 1634(a) (emphasis added). Section 1634(e), titled "Exempted Transactions; Reapplication of Provisions" states that the section does not apply to "a residential mortgage transaction as defined in section 1602(w) of this title." 15 U.S.C. § 1634(e). Section 1602(w)[1] defines "residential mortgage transaction" as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling *to finance the acquisition or initial construction of such dwelling*." 15 U.S.C. § 1602(x) (emphasis added).

There can be no doubt that the loan agreement in question constitutes a residential mortgage transaction as defined by 15 U.S.C. § 1602(x). The Dunns attached to their Complaint copies of the note and mortgage that were executed on October 5, 2009. On the same date, the Dunns were granted a warranty deed from Christopher Phillips and Kristie Phillips, who were the prior owners of the property. (Doc 14-1).[2] Additionally, the Dunns do not dispute that the mortgage was created to finance

---

[1] Section 1602(w) was redesignated as section 1602(x) by Pub. L. 111–203, title X, § 1100A(1)(A), July 21, 2010, 124 Stat. 2107.
[2] The Court can take judicial notice of this exhibit without having to convert the

the acquisition of the dwelling secured by it. The Dunns' loan agreement is, pursuantly, a transaction exempted from U.S.C. § 1634(a)'s right to cancel. *See In re Bestrom*, 114 F.3d 741 (1997) (finding that a loan transaction constituted a residential mortgage transaction and was therefore not subject to the TILA); *McNeil v. Metropolitan Nat. Bank*, 2013 WL 2099815 (E.D. Ark. May 14, 2013) (dismissing plaintiffs' TILA claims with prejudice after finding that rescission is not an available remedy for residential mortgage transactions).

The Dunns' February 18, 2011 Notice of Rescission therefore did not cancel the loan agreement, and cannot plausibly be used as a basis for their quiet title and wrongful foreclosure actions. Nor can the Defendants' failure to provide the Dunns with supposedly required disclosures be a basis for recovering damages. Even if the Defendants were required to provide the Dunns with such disclosures, the statute of limitations to recover damages for that failure expired on October 5, 2010, one year after the transaction was consummated. *See* 15 U.S.C. § 1640(e) (setting a statute of limitations of "one year from the date of the occurrence of the violation"); *Whatley v. Reconstrust Co. NA*, 2010 WL 4916372 (E.D. Ark. Nov. 23, 2010) (interpreting the statute of limitations as running from the date of the consummation of the transaction). For these reasons, the Dunns' Complaint fails to state a claim entitling them to relief.

---

Defendants' Motion to a motion for summary judgment. *See Noble Sys. Corp. v. Alorica Cent. LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (stating that courts ruling on motions to dismiss may "consider some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings" (quotation omitted)).

## IV. CONCLUSION

For the reasons stated herein, Defendants Bank of America's and Nationstar's Motion for Judgment on the Pleadings (Doc. 14) is **GRANTED**, and Plaintiffs' Complaint (Doc. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED** on this 30th day of November, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE